23687

CITY OF CHARLESTON, a municipal corporation, Respondent v. SOUTH CAROLINA STATE PORTS AUTHORITY, an agency of the State of South Carolina, Appellant.

(420 S.E. (2d) 497)

Supreme Court

*William H. Vaughan, Jr.,* of *Vaughan & Lawrence, P.A.,* Charleston, *for appellant.*

*William B. Regan* and *Frances I. Cantwell,* Charleston, *for respondent.*

Heard June 3, 1992.

Decided July 20, 1992.

TOAL, Justice:

The Circuit Court enjoined the South Carolina Ports Authority ("Ports Authority") from further construction on an engine repair facility located in the Old City District of Charleston because the building as planned did not meet the City Zoning Ordinance. The Ports Authority appeals. We affirm.

## FACTS

The Ports Authority, a state agency, planned to build an engine repair facility on its property located in the Old City District of Charleston. Before construction began, the Ports Authority submitted its plans for the building to the City's Technical Review Committee. The Committee approved the plans conditioned upon the Ports Authority submitting the plans to the Board of Architectural Review.

The Ports Authority began construction on the building without obtaining approval from the Board of Architectural Review. In April of 1991, the City informed the Ports Authority that the building, as designed, did not conform to City zoning ordinances. The Ports Authority continued construction and refused to submit the plans to the Board of Architectural

Review for approval. The City then issued a Stop Work Order. The Ports Authority filed a notice of appeal to the Board of Adjustments, challenging the Stop Work Order on the basis that the Ports Authority was not required to obtain the approval of the Board of Architectural Review. Because the Stop Work is not stayed pending that appeal, the City immediately sought injunctive relief from the Circuit Court under S.C. Code Ann. § 6-7-830 (Supp. 1991). The Circuit Court enjoined the Ports Authority from further construction until plans were approved by the Board of Architectural Review. The Ports Authority appeals that order.

## LAW/ANALYSIS

The Ports Authority claims that S.C. Code Ann. § 6-9-110 (Supp. 1991) exempts it from any local approval process. Section 6-9-110 provides as follows:

In no event may any county, municipal, or other local ordinance or regulation which requires the purchase or acquisition of a permit, license, or other device utilized to enforce any building standard be construed to apply to any state department, institution or agency permanent improvement project, construction project, renovation project, or property.

The City relies on S.C. Code Ann. § 6-7-830 (Supp. 1991), which provides in pertinent part as follows:

(a) All agencies, departments and subdivisions of this State that use real property, as owner or tenant, in any county or municipality in this State *shall* be subject to the zoning ordinance thereof ...
(b) The governing body of any county or municipality whose zoning ordinances are *so violated* may apply to any court of competent jurisdiction for injunctive and such other relief as the court may deem proper. (Emphasis added.)

In *Charleston County School District v. Town of McClellanville*, Order dated Feb. 5, 1991, this Court wrote "[w]e

clarify any earlier intimations we may have made previously on this issue and explicitly hold that we know of no law allowing a school district or other similar agency to ignore valid, local zoning requirements and therefore they may not ignore such." Under S.C. Code Ann. § 6-7-830 (Supp. 1991) and *Charleston County School District, supra,* the Ports Authority must comply with local zoning ordinances; and, if the Ports Authority refuses to comply, the City may seek injunction through the Circuit Court.

The only question remaining is the effect of S.C. Code Ann. § 6-9-110 (Supp. 1991) on local zoning requirements. We hold that § 6-9-110 applies only to building codes and is inapplicable to zoning ordinances.

Chapter 9 of Title 6 establishes a statutory scheme whereby local governments may adopt *only* certain listed building codes. Chapter 9 also establishes the South Carolina Building Code Council. The Council may approve or disapprove any deviations from the standard codes which local governments may adopt. Thus, the legislature had retained final approval of local building codes. Because the various codes which local governments may adopt and approved local variations differ, the legislature has exempted state agencies from the local codes. The state buildings are designed and approved at the state level under the building codes applicable to state buildings. Chapter 9 applies to such things as electrical, plumbing and gas codes, it is simply inapplicable to zoning ordinances. Zoning ordinances which regulate not only the use of the building but also the facade must be complied with by all state agencies under S.C. Code Ann. § 6-7-830.

We, therefore, affirm the trial judge's issuance of an injunction prohibiting the Ports Authority from continuing construction on a nonconforming structure.

Affirmed.

HARWELL, C.J., and CHANDLER, FINNEY and MOORE, JJ., concur.